**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

JUAN CRUZ, )
)
         Plaintiff, )     CASE NO. ST-15-CV-491
    v. )
)     ACTION FOR DAMAGES
VIRGIN ISLANDS WATER AND )
POWER AUTHORITY, HUGO HODGE, )
JR., AND JULIO RHYMER, )
)
         Defendants. )     JURY TRIAL DEMANDED
)

Cite as 2020 VI Super 5U

**MEMORANDUM OPINION**
**(Motion to Compel Rhymer)**

¶ 1 **THIS MATTER** is before the Court on two motions to compel filed by the Plaintiff, Juan Cruz ("Cruz"), pursuant Virgin Islands Rule of Civil Procedure 37(a)(1) against Defendant Julio Rhymer ("Rhymer"),[1] to supplement Defendant's responses to Cruz's written discovery requests.[2] For the reasons set forth herein, Cruz's Motions to Compel Defendant Rhymer will be granted.

**LEGAL STANDARD**

A. Discoverable Information

---

[1] Cruz's first Motion to Compel Julio Rhymer to Supplement Written Discovery Responses was filed September 5, 2018. Cruz filed a second motion to compel on December 16, 2019. Rhymer has not responded to either motion.

[2] Motions to compel the other defendants are also pending and will be addressed under separate opinions.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 2 of 25

Cite as 2020 VI Super 5U

¶2      "In general, Virgin Islands Rules of Civil Procedure 26 and 33 govern the scope of a party's duty to disclose information during discovery and to answer interrogatories." *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 2017 WL 2466237, *1 (V.I. Super. Ct. June 2, 2017). Under V.I. R. Civ. P. 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Donastorg v. Walker*, No. ST-17-CV-393, 2019 WL 3065451, at *2 (V.I. Super. Ct. July 11, 2019). "[T]he singular factor for determining whether information is discoverable is its relevance." *Donastorg*, 2019 WL 3065451, at *2 (quoting *Finn v. Adams*, No. ST-16-CV-752, 2017 WL 5957669 at *3, (V.I. Super. Ct. Nov. 28, 2017)). The Court determines whether information is relevant under the standard provided by Virgin Islands Rule of Evidence 401. *See, Donastorg*, 2019 WL 3065451, at *2. Under this rule, relevant information is that which has the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without [it]." *Donastorg*, 2019 WL 3065451, at *2; *see also Thomas v. People of the V.I.*, 60 V.I. 183, 196 (V.I. 2013).[3] This is a low threshold and as such is "very easy to satisfy."

---

[3] In *Thomas*, the V.I. Supreme Court cites to Federal Rule of Evidence 401, rather than the local rule. Nevertheless, this analysis is highly persuasive because Federal Rule of Evidence 401 and Virgin Islands Rule of Evidence 401 are identical.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 3 of 25

Cite as 2020 VI Super 5U

*Donastorg*, 2019 WL 3065451, at \*2; *see also Ostalaza v. People of the V.I.*, 58 V.I. 531, 564 (V.I. 2013) (discussing the relevancy standard).

### B. Interrogatories

¶3     Under V.I. R. Civ. P. 33(a)(1)-(2), "a party may serve on any other party no more than 25 written interrogatories," which "may relate to any matter that may be inquired into under Rule 26(b)." A party served with interrogatories must provide an answer or objection to each interrogatory within thirty days after being served, V.I. R. Civ. P. 33(b)(1)-(4), unless that party "represents in good faith in its response that it cannot — in the exercise of reasonable efforts — prepare an answer from information in its possession or reasonably available to the party," V.I. R. Civ. P. 33(d). "The grounds for objecting to an interrogatory must be stated with specificity." V.I. R. Civ. P. 33(b)(4). An objection that is untimely or without grounds "is waived, unless the court, for good cause, excuses this failure." *In re Adoption of V.I. Rules of Civil Procedure*, No. 2017-001, 2017 WL1293844, at \*50 (V.I. Apr. 3, 2017) (quoting V.I. R. Civ. P. 33(b)(4)). All interrogatories without an objection "must be answered separately and fully in writing under oath." V.I. R. Civ. P. 33(b)(3).

¶4     If a party served fails to make all necessary disclosures as required by V.I. R. Civ. P. 33, the party requesting disclosure may move to compel discovery under to V.I. R. Civ. P. 37(a)(1). The motion must satisfy certain requirements. Specifically, the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 4 of 25

Cite as 2020 VI Super 5U

in an effort to obtain it without court action." V.I. R. Civ. P. 37(a)(1); *see also Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, No. ST-15-CV-387, 2018 WL 172507, at *2 (V.I. Super. Ct. Apr. 5, 2018). The certification must demonstrate in writing that, prior to filing, counsel for the parties attempted to meet and "confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible." V.I. R. Civ. P. 37-1(a); *see also Olea v. Virgin Islands Telephone Corp.*, No. ST-16-CV-386, 2018 WL 3104627 at *1,*3 (V.I. Super. Terr. May 31 2018) (discussing this standard); *Victor-Perez*, 2018 WL 1725207 at *2.[4] "[I]t is the responsibility of the requesting party to provide a letter to opposing counsel detailing the discovery issues in dispute, to make any necessary arrangements for a conference, and to meet in person, if practicable." *Finn*, 2017 WL 5957669 at *3 (internal citations omitted). Where a face-to-face meeting is impracticable, "a conference may take place telephonically." *Victor-Perez*, 2018 WL 1725207 at *2.

---

[4] Neither V.I. R. Civ. P. 37 nor 37-1 defines the language a moving party should use in a certification, however V.I. R. Civ. P. 84 provides an example. Specifically, this rule states that "[w]henever, under [the V.I. Rules of Civil Procedure] or any rule, regulation, order, or requirement adopted by, made pursuant to, or incorporated in these rules, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn ... certificate ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: .... 'I declare ... under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature.)'" V.I. R. Civ. P. 84; *see also Victor-Perez*, 2018 WL 1725207 at *2.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                                    Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 5 of 25

## FACTS

¶5    Plaintiff Juan Cruz's suit against Rhymer alleges, *inter alia*, that while Rhymer was Chief Financial Officer at WAPA, he exhibited a hostile and negative attitude towards Cruz, that Cruz was wrongly blamed for the errors of other employees and the delay of WAPA's external audit, and that Cruz was falsely charged—at the instigation of Rhymer and Hodge—with insubordination, poor and careless work, falsification of records, material misrepresentation of information, and impeding the flow of work. The suit also alleges that the Defendants breached their duty of good faith and fair dealing, that they unlawfully retaliated against Cruz, that Hodge and Rhymer tortiously interfered with Cruz's employment with WAPA by making false allegations against him and causing him to be improperly terminated, and that Cruz's termination is a violation of the whistleblower statute.

¶6    Rhymer then filed a counterclaim against Cruz on October 29, 2015 for defamation and intentional infliction of emotional distress, alleging that Cruz's allegations were made without good faith or factual support, and were injurious to Rhymer's business and reputation, which caused him to suffer physical and emotional distress.

¶7    Cruz served Rhymer with his first set of interrogatories on December 27, 2016. Rhymer did not respond within thirty days as required under V.I. R. Civ. P. 33(b). On January 25, 2017, Cruz wrote to Rhymer to remind him that his discovery responses were due. On February 23, 2018, the Parties reached an agreement wherein Rhymer

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491          Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 6 of 25

agreed to provide answers to all outstanding discovery requests within fifteen days. However, Rhymer did not respond by the agreed deadline. On April 3, 2018, Cruz filed a motion to compel Rhymer to answer Cruz's written discovery requests. On May 3, 2018, this Court granted Cruz's motion, ordered Rhymer to respond to Cruz's written requests within 10 days, and stated that Rhymer had waived any and all objections for his failure to comply with V.I. R. Civ. P. 33(b). On May 10, 2018, the Defendants submitted a motion requesting an extension of time to respond to Cruz's discovery requests, to which Cruz did not object. On June 6, 2018, the Court granted Defendants' motion and ordered Defendants to respond to Cruz's discovery requests by July 1, 2018.[5] On May 30, 2018, Rhymer tendered his responses to Cruz's first set of interrogatories.

## ANALYSIS

### A. Cruz Satisfied the Meet and Confer Requirement

¶8    On June 15, 2018, Cruz sent a letter to opposing counsel stating that Rhymer's responses to his written discovery requests were insufficient.[6] The letter requested Rhymer to supplement his responses or provide dates of availability to meet and confer. After Rhymer failed to respond to Cruz's requests or provide dates of his

---

[5] The Court notes that the introductory paragraph of the June 6, 2018 Order only references Hugo Hodge's renewed motion. However, elsewhere the Order references Defendants' Motion and said Defendants (plural) shall respond by July 1, 2018. Therefore, the Court will grant Rhymer the benefit of the June 6, 2018 Order.

[6] Pl.'s Mot. Compel. Rhymer Ex. 1, 1. Cruz submits that "[w]ritten discovery was propounded in this matter since December 20, 2016, and, to date, discovery has not been concluded due to Defendant's failure to answer/supplement written discovery in a timely manner." Pl.'s Mot. Compel Rhymer, 1.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 7 of 25

Cite as 2020 VI Super 5U

availability to meet and confer, Cruz filed the instant Motion to Compel. The Motion

is unopposed and includes a certification that provides as follows:

> On June 15, 2018, Defendant Rhymer was informed that his discovery
> responses were insufficient. Ex. 1. Multiple requests for
> supplementation and/or dates to meet and confer were made. Ex. 2. To
> date Defendant is refusing to meet and confer and has not supplemented
> as requested.

To date, the file contains no indication that Rhymer supplemented his responses to

Cruz's written discovery responses. On December 16, 2019, Cruz filed a second motion

to compel Rhymer to supplement his responses to Cruz's written discovery requests.

¶9      Under V.I. R. Civ. P. 33(b)(2), Rhymer is required to provide "answers and any

objections within 30 days of being served with interrogatories." Where Rhymer's

answers are insufficient, Cruz must request Rhymer to supplement his responses and

provide dates to meet and confer. V.I. R. Civ. P. 37(a)(1). The Court finds that Cruz

satisfied these requirements.[7] Cruz attempted to confer with Rhymer in good faith to

obtain discovery without court action, and the Motion certifies that such efforts were

made in accordance with V.I. R. Civ. P. 37(a)(1). For these reasons, the Court finds

that Cruz has satisfied the meet and confer requirement.

## B. Cruz's Motion to Compel Rhymer Will Be Granted

¶10     "For discovery to progress effectively, each party must provide truthful,

complete, candid, and explicit responses to each individual discovery request."

---

[7] Pl.'s Mot. Compel Rhymer, Ex. 1 & 2.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                                    Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 8 of  25

*Donastorg*, 2019 WL 3065451, at *3. Regarding interrogatories, the responding party must answer each interrogatory "separately and fully in writing," unless the responding party demonstrates that he cannot do so "with the exercise of reasonable efforts." V.I. R. Civ. P. 33 advisory committee's note to subpart (b). Only when the responding party has made this representation can he state that the answer to an interrogatory may be determined by examining other documents. *See* V.I. R. Civ. P. 33 advisory committee's note to subpart (d). Otherwise answering an interrogatory by merely "referring to pleadings or other discovery is insufficient." 96 A.L.R. 2d 598 (1964) (collecting cases).[8] When an attorney or party signs a discovery response, he "certifies that to the best of [his] knowledge, information, and belief formed after a reasonable inquiry, each disclosure is complete and correct, and that each discovery response is warranted by law, not interposed for any improper purpose, and neither is unreasonable nor unduly burdensome." *Donastorg*, 2019 WL 3065451, at *3 (internal quotations omitted) (citing V.I. R. Civ. P. 26(g)(1)). "Gamesmanship to evade answering as required is not allowed." *Id.* (quoting *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 422 (N.D.W. Va.2006)).

¶11    Cruz moves the Court to compel Rhymer to supplement his responses to Interrogatory Nos. 1, 3-7, 12-14, 16, 18, and 23-24. In accordance with V.I. law, the

---

[8] "An answer to an interrogatory must be responsive to the question; it should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." 96 A.L.R. 2d 598 (1964)

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 9 of 25

Cite as 2020 VI Super 5U

Court will evaluate the sufficiency of Rhymer's responses and any requests to supplement responses against a Rule 401 relevancy standard.

### a. Rhymer Will Supplement Interrogatory No. 1

¶12 Cruz argues that Rhymer's response to Interrogatory No. 1 is incomplete because Rhymer failed to provide the names and job titles of his direct reports and to answer the length of time he was acting Executive Director at WAPA. Interrogatory No. 1 states:

> Please describe in detail the nature of relationship with Co-Defendant Virgin Islands Water and Power Authority (hereinafter "WAPA"), including but not limited to, the title of each position you have held with WAPA, the period of time during which you held each position, your responsibilities in each position, identify the departments you oversaw, the names and job titles of the individual(s) who were your direct reports in each, and the individuals to whom you reported in each position you held.

Rhymer's response to Interrogatory No. 1 states:

> I joined WAPA in July 2012 as the chief financial officer and held that position until January 2017 when I was appointed Acting Executive Director. In the position of chief financial officer I reported to Hugo Hodge Jr. and the Board of WAPA and oversaw the following divisions: accounting, pricing and rates, customer service, meter reading, collections, key accounts, and purchasing. I do not understand what is meant by direct reports. My responsibility as the CFO was to manage all financial aspects of the authority.

The Court finds that the information requested in Interrogatory No. 1 is relevant to Cruz's claim, that the information sought is discoverable, and the response is incomplete. Therefore, Cruz is entitled to a complete response to Interrogatory No. 1,

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                          Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 10 of 25

including supplemental discovery responses related to discoverable information. Accordingly, the Court will order Rhymer to provide the names and job titles of the persons who reported directly to him and to answer the length of time he was acting Executive Director at WAPA.

### b. Rhymer Will Supplement Interrogatory No. 4

¶13   Cruz argues that Rhymer's response to Interrogatory No. 4 is incomplete because Rhymer failed to identify and describe communications between him and all individuals regarding Cruz's performance of his job duties. Interrogatory No. 4 states:

> Please identify by date and describe in detail any communications between you or anyone acting on your behalf and any other individual regarding Plaintiff's performance of his job duties or failure to perform his job duties as Accounting Manager, identify the parties to each communication, and identify all documents concerning the same.

Rhymer's response to Interrogatory No. 4 states as follows: "I am unable to identify by date any of the communications concerning the events described in answer to interrogatory #3. See response to interrogatory No. 3 and personnel file previously produced." According to Cruz, Rhymer provided the following response to Interrogatory No. 3:

> The exact dates for the incidents described, I cannot remember but am able to relate details of these incidents. The first time I expressed discontentment with Mr. Cruz [sic] actions arose out of his interference with a planned visit with external auditors from Ernst & Young concerning the 2011 financial audit. After I, as the leader of the financial team, had a conference call with the auditors and directed that they appear at our offices the following day, Mr. Cruz told the auditors not to come to the meeting. I then directed Maurice Sebastian to have Carl Isaac (Mr. Cruz's immediate supervisor) to conduct a first step hearing

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                                    Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 11 of 25

pursuant to Section 10.2 of the Authority's Personnel Policies and Procedures manual. Later a second step hearing was conducted wherein I sat as a hearing officer. Later Mr. Cruz was appropriately disciplined by the executive director.

The second incident involving the Plaintiff came in August 2014 as a result of an investigation into the delaying payment for 93 days of two invoices in violation of the Authority's rules. From an investigation into Mr. Cruz failed [sic] to conduct a proper investigation into the actions of an employee under his supervision. An investigation into the actions of Mr. Cruz revealed his failure to properly investigate the matter displayed poor accountability which was unacceptable for a manger with his level of responsibility. The delay in payment resulted in great expense to the Authority. Mr. Cruz was disciplined for his actions.

The third and final issue in my working with Mr. Cruz came as a result of falsification of records and misrepresentation of material information. Following an investigation which commenced in September 2014 it was concluded that Mr. Cruz wrote to the head of an agency without authorization or notice to his supervisor in an effort to offset gross receipts taxes erroneously withheld from one company to have the funds applied to nine other vendors. He was again recommended for discipline to the executive director and subsequently terminated.

¶14    The Court finds that the information requested in Interrogatory No. 4 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 4, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 4 and provide the names and details of all conversations that were had regarding Cruz's work performance.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 12 of 25

Cite as 2020 VI Super 5U

### c. Rhymer Will Supplement Interrogatory No. 5

¶15   Cruz argues that Rhymer's response to Interrogatory No. 5 is incomplete and effectively unanswered. Interrogatory No. 5 states:

> Please state whether you requested investigations of Plaintiff or directed any individuals to conduct disciplinary hearings regarding/with Plaintiff while he was the Accounting Manager for WAPA, describe all reasons why you requested these investigations or hearings, identify the names and job title of the individuals who instructed to conduct the investigations and/or disciplinary hearings, describe in detail any communications between you and the individuals prior to the commencement of their investigations and/or disciplinary hearings regarding the alleged incidents and/or accusations against Plaintiff, identify by date and describe any subsequent communications you had regarding the findings of their investigations and/or disciplinary hearings, and identify all documents concerning the same.

Rhymer's response to Interrogatory No. 5 is as follows: "This interrogatory has been answered as part of interrogatory answer #3. See response to interrogatory no. 3 and personnel file previously produced." In his Motion, Cruz states that Rhymer's response to Interrogatory No. 3 stated:

> The exact dates for the incidents described, I cannot remember but am able to relate details of these incidents. The first time I expressed discontentment with Mr. Cruz [sic] actions arose out of his interference with a planned visit with external auditors from Ernst & Young concerning the 2011 financial audit. After I, as the leader of the financial team, had a conference call with the auditors and directed that they appear at our offices the following day, Mr. Cruz told the auditors not to come to the meeting. I then directed Maurice Sebastian to have Carl Isaac (Mr. Cruz's immediate supervisor) to conduct a first step hearing pursuant to Section 10.2 of the Authority's Personnel Policies and Procedures manual. Later a second step hearing was conducted wherein I sat as a hearing officer. Later Mr. Cruz was appropriately disciplined by the executive director.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 13 of 25

The second incident involving the Plaintiff came in August 2014 as a result of an investigation into the delaying payment for 93 days of two invoices in violation of the Authority's rules. From an investigation into Mr. Cruz failed [sic] to conduct a proper investigation into the actions of an employee under his supervision. An investigation into the actions of Mr. Cruz revealed his failure to properly investigate the matter displayed poor accountability which was unacceptable for a manger with his level of responsibility. The delay in payment resulted in great expense to the Authority. Mr. Cruz was disciplined for his actions.

The third and final issue in my working with Mr. Cruz came as a result of falsification of records and misrepresentation of material information. Following an investigation which commenced in September, 2014 it was concluded that Mr. Cruz wrote to the head of an agency without authorization or notice to his supervisor in an effort to offset gross receipts taxes erroneously withheld from one company to have the funds applied to nine other vendors. He was again recommended for discipline to the executive director and subsequently terminated.

¶16    The Court finds that the information requested in Interrogatory No. 5 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 5, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 5. Rhymer will state whether he requested investigations of Cruz or directed any individuals to conduct disciplinary hearings regarding/with Cruz while he was the Accounting Manager for WAPA; identify the names and job title of the individuals who he instructed to conduct the investigations and/or disciplinary hearings of Cruz; and describe in detail any communications between him and the individuals prior to

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 14 of 25

Cite as 2020 VI Super 5U

the investigations and/or disciplinary hearings regarding the alleged incidents and/or accusations against Cruz.

### d. Rhymer Will Supplement Interrogatory No. 6

¶17 Cruz argues that Rhymer's response to Interrogatory No. 6 is incomplete and because Rhymer did not detail his involvement in the decision to take disciplinary action or terminate Cruz, while working in his capacity as Chief Financial Officer. Interrogatory No. 6 states: "Please describe in detail your involvement in any decision to take disciplinary action against Plaintiff or to terminate his employment with WAPA, set forth what your posture was in regard to each charge brought against Plaintiff and describe all the reasons for the same." Rhymer's response to Interrogatory No. 5 states is follows: "Any recommendation I made in my capacity as Chief Financial Officer was a result of poor and careless work as documented in Mr. Cruz's personnel file and is further explained in answer to your previous interrogatories."

¶18 The Court finds that the information requested in Interrogatory No. 6 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 6, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Accordingly,

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 15 of 25

Cite as 2020 VI Super 5U

the Court will order Rhymer to supplement his response to Interrogatory No. 6 and detail his involvement in the decision to take disciplinary action or terminate Cruz.

### e. Rhymer Will Supplement Interrogatory No. 7

¶19 Cruz argues that Rhymer's response to Interrogatory No. 7 is incomplete because Rhymer did not identify the employee, who caused delay, by name or disclose whether he was ever disciplined. Interrogatory No. 7 states:

> Please identify by date and describe all investigations you or anyone acting on your behalf conducted into the delayed payment of Trafigura Invoice No. 103935 and 104430, including, but not limited to, any investigations within the Budget and Cash Department to determine who had placed a hold on the invoices, why payment of the invoices had been placed on hold and had not been processed prior to the due dates, describe in detail the results of any investigations you conducted, including all reasons for the delayed payment of the invoices, identify all employees who were disciplined at the conclusion of the investigations, identify what violations these individuals were charged with, describe the reasons for same, and identify all documents concerning the same.

Rhymer's response to Interrogatory No. 7 states:

> I cannot recall the date of any investigation concerning payment of the Trafigura invoice and the failures Mr. Cruz. The personnel file of Mr. Cruz will contain documents concerning this issue. This file has already been produced. The incident involving the Plaintiff came in August 2014 as a result of an investigation into the delaying payment for 93 days of two invoices in violation of the Authority's rules. From an investigation it was concluded that Mr. Cruz failed to conduct a proper investigation into the actions of an employee under his supervision. An investigation into the actions of Mr. Cruz revealed that his failure to properly investigate the matter displayed poor accountability which was unacceptable for a manager with his level of responsibility. The delay in payment resulted in great expense to the Authority and the near exhaustion of fuel reserves. Mr. Cruz was disciplined for his actions.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                                    Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 16 of 25

¶20  The Court finds that the information requested in Interrogatory No. 7 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 7, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 7 and state whether the employee who caused the delay in payment of Trafigura Invoice No. 103935 and 104430 was ever disciplined and identify the employee by name.

### f.  Rhymer Will Supplement Interrogatory No. 12

¶21  Cruz argues that Rhymer's response to Interrogatory No. 12 is incomplete because Rhymer did not answer why Cruz was charged with the certain offenses, nor did he provide an account of any exchange with Cruz regarding them. Interrogatory No. 12 states:

> Please describe in detail all the reasons why Plaintiff was charged with insubordination, poor, and careless work, and impeding the flow of work following the second step hearing on September 25, 2012, concerning the 2011 financial audit, include in your response a verbatim account of any exchanges you had with Plaintiff, the actions or inactions of Plaintiff which constituted subordination, a detailed description of what actions or inactions of Plaintiff constituted poor and careless work and impeded the flow, and identify all persons with knowledge and all documents concerning the same.

Rhymer's response to Interrogatory No. 12 is as follows:

> "All matters concerning the 2012 insubordination are properly documented in the personnel file previously provided, and previous

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                              Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 17 of 25

answers to these interrogatories should be reviewed as they answer this question in detail."

¶23    The Court finds that the information requested in Interrogatory No. 12 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 12, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Responding by merely referring to other documents is insufficient without first making the representation that he could not fully respond with the exercise of reasonable efforts. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 12 by stating all the reasons Cruz was charged with any offense after the second step hearing, and a detailed account of Cruz's actions and inactions that constituted insubordination, and identify all persons with knowledge of same.

### g. Rhymer Will Supplement Interrogatory No. 13

¶24    Cruz argues that Rhymer's response to Interrogatory No. 13 is incomplete because Rhymer did not identify and describe all policies and procedures related to ensuring the timely payment of invoices. Interrogatory No. 13 states:

> Please state whether you were aware of any policies, procedures or practices at WAPA in or around 2014 concerning the steps to be taken to ensure that invoices were paid in a timely manner when posted in the accounts payable system and the corresponding physical invoices could not be located, describe what these policies, procedures or practices

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                    Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 18 of 25

were, identify by date and substance any changes made to these policies and procedures, state the reason for these changes, and identify all documents concerning the same.

Rhymer's response to Interrogatory No. 13 is as follows:

The procedures and practices are clear and straightforward. The invoices that are to be paid must be forwarded to the appropriate departments for payment. It is unacceptable what invoice to remain in accounts payable for 93 days after being posted (sic). This is accounting 101.

¶25    The Court finds that the information requested in Interrogatory No. 13 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 13, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Rhymer's states that the relevant "procedures and practices are clear and straightforward," which suggests that there are multiple of each. However, Rhymer's response seems to describe only a single requirement. In addition, the response does not address the portion of the interrogatory that asked whether any changes had been made to the policies and procedures. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 13 by identifying and describing all policies and procedures related to ensuring the timely payment of invoices and whether there had been any changes and the reason therefor.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 19 of 25

Cite as 2020 VI Super 5U

### h. Rhymer Will Supplement Interrogatory No. 14

¶26 Cruz argues that Rhymer's response to Interrogatory No. 14 is incomplete because Rhymer did not identify and describe all policies and procedures related to ensuring the timely payment of invoices. Interrogatory No. 14 provides as follows:

> Please state whether you believe that Plaintiff should have obtained authorization prior to contacting any entity to reverse accounting errors that resulted in overpayments to the entity, and if so, identify the name and job title of the individual from whom you believe Plaintiff should have obtained authorization, and identify all documents supporting the same.

Rhymer's response to Interrogatory No. 14 is as follows:

> Gross Receipts are paid for an entity. When the Plaintiff realized there was an error, he should have notified the head of this department to secure authorization to rectify the problem. The matter should have been handled at the highest levels; executive director or CFO.

¶27 The Court finds that the information requested in Interrogatory No. 14 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 14, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Rhymer does not provide the name and job title of the head of Cruz's department from whom authorization was needed, nor does he identify the documents that support same. From Rhymer's response, the heads of the department were the executive director or CFO, both of which must be named in Rhymer's response, but it is also not clear if permission was needed from the executive director or CFO, or the head of Cruz's

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 20 of 25

Cite as 2020 VI Super 5U

department. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 14 by providing the name and job title of the head of Cruz's department from whom authorization was needed, and he must identify the documents that support same.

### i. Rhymer Will Supplement Interrogatory No. 16

¶28    Cruz argues that Rhymer's response to Interrogatory No. 16[9] is incomplete because Rhymer failed to answer how "the offsetting of the gross receipt taxes for nine vendors against the amount erroneously transmitted to the Virgin Islands Bureau of Internal Revenue as gross receipt taxes for VI Paving, Inc., constituted falsification of the records" or misrepresentation.

Interrogatory No. 16 provides as follows:

> Please describe in detail how the offsetting of the gross receipt taxes for nine vendors against the amount erroneously transmitted to the Virgin Islands Bureau of Internal Revenue as gross receipt taxes for VI Paving, Inc., constituted falsification of the records or misrepresentation of material information.

Rhymer's response to Interrogatory No. 16 is as follows:

> The funds held by WAPA for payment of gross receipt taxes for vendors are Trust Funds. WAPA acts as a fiduciary taking control of funds the vendors would owe for gross receipts and turns them over to the Virgin Islands Bureau of Internal Revenue. In this scenario the funds were overpaid on behalf of V.I. Paving. Using the monies to satisfy the obligations of other vendors would constitute co-mingling of trust funds.

---

[9] Cruz's request to supplement Interrogatory No. 16 appears only in his second motion to compel filed December 16, 2019. It did not appear in his first motion to compel.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                        Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 21 of 25

¶29   The Court finds that the information requested in Interrogatory No. 16 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 16, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. While Rhymer states that the use of "the monies to satisfy the obligations of other vendors would constitute co-mingling of trust funds," the Court finds that Rhymer fails to explain *how* "the offsetting of gross receipt taxes for nine vendors against the amount erroneously transmitted to the Virgin Islands Bureau of Internal Revenue as gross receipt taxes for VI Paving, Inc," constitutes falsification of records or misrepresentation of material information. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 16 by explicitly stating how Cruz's actions constituted falsification of documents or misrepresentation of material information.

### j.  Rhymer Will Supplement Interrogatory No. 18

¶30   Cruz argues that Rhymer's response to Interrogatory No. 18 is incomplete because Rhymer did not provide a separate and complete answer to the interrogatory. Interrogatory No. 18 provides as follows:

> Please identify by name and job title all persons you questioned and/or investigated in connection with the $41,804.54 which was erroneously transmitted to the Virgin Islands Bureau of Internal Revenue and the subsequent attempts to reverse the error, describe in

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491          Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 22 of 25

detail the substance of each discussion or investigation and the results of each investigation, and identify all documents concerning the same.

Rhymer's response to Interrogatory No. 18 is as follows:

> See Interrogatory No.3, the personnel file of Juan Cruz and my answer to the previous interrogatory.

¶31   The Court finds that the information requested in Interrogatory No. 18 is relevant to Cruz's claim and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 18, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. The interrogating party is entitled to a separate and complete response to each interrogatory, unless the responding party is unable to do so with reasonable efforts. Rhymer's response, which merely refers to a previous response and another document is insufficient without first making the representation that he could not fully respond with the exercise of reasonable efforts. Accordingly, the Court will order Rhymer to supplement his response to Interrogatory No. 18 providing the names and job titles of each person he questioned or investigated about the $41,804.54 or the attempts to reverse that payment.

### k. Rhymer Will Supplement Interrogatory No. 24

¶32   Cruz argues that Rhymer's response to Interrogatory No. 24 is incomplete because Cruz is entitled to the identities of the "persons not employed by WAPA," that Rhymer spoke of in his response. Interrogatory No. 24 provides as follows:

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                            Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 23 of 25

In paragraph 7 of your Counter-claim, you allege that the Plaintiff/Counter-Defendant defamed you by "publishing to third person claims that Counter-Claimant took action to benefit contractors and vendors without knowledge and approval of the WAPA Board and to grant by those actions contracts and increased costs to WAPA." Please identify the third person to whom you claim Plaintiff/Counter-Defendant made these claims, describe with specificity what actions Plaintiff/Counter-Defendant alleged that you took to benefit contractors and vendors, identify the contractors and vendors whom Plaintiff alleged that you took actions to benefit at increased costs to WAPA, describe how you learned of these allegations, if you deny any of these allegations give a detailed reason why, including a description of all relevant facts, and identify all persons with knowledge and all documents concerning the same.

Rhymer responded to Interrogatory No. 24 as follows:

By plaintiff's own admission the Plaintiff sent letters to the board and the audit division and spoke to persons not employed by WAPA with allegations of kickback requests, misuse of government funds and breach of public trust. The precise reasons for the counterclaim is that Mr. Cruz has alleged false and defamatory claims and statements and publish these members of the public through his writing and speech. (sic) There are no vendors from whom kickbacks were request.(sic)

¶33    The Court finds that the information requested in Interrogatory No. 24 is relevant to Rhymer's counterclaim against Cruz and therefore also finds that the information is discoverable. As such, Cruz is entitled to a complete response to Interrogatory No. 24, including supplemental discovery responses related to discoverable information. After reviewing Rhymer's response, the Court finds that it was incomplete. Rhymer has a duty to supplement his response to identify the persons who Rhymer claims Cruz sent letters to and who in the public they were conveyed to. Accordingly, the Court will order Rhymer to supplement his response to

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                               Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 24 of 25

Interrogatory No. 24 by providing the names of "persons not employed by WAPA" to whom, Rhymer alleges, Cruz sent letters.

### l. Rhymer Will Answer Demand No. 23

¶34   Cruz argues that Rhymer failed to respond to Demand No. 23 and Rhymer has not provided argument to the contrary. As such, the Court is compelled to find that Rhymer failed to respond to Demand No. 23 and will order Rhymer to do so. Since Rhymer did not provide a response or objection to Demand No. 23 within thirty days, any future objections are waived.

Demand No. 23 provides as follows:

> Please produce copies of all emails, text messages, notes, correspondence and other writings or communications between you and any individual concerning the contract given to Bryan Electrical to do electrical work concerning the relocating of WAPA's business office to Four Winds Mall.

Juan Cruz v. WAPA et al
Case No. ST-15-CV-491                          Cite as 2020 VI Super 5U
Memorandum Opinion (Cruz's Motion to Compel Rhymer)
Page 25 of 25

## CONCLUSION

¶35     Cruz has shown that Defendant Rhymer has a duty to supplement his interrogatory responses and certain document requests. The two motions to compel will be granted. An Order consistent herewith will be entered immediately.

DATED: January _14_, 2020

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**ESTRELLA H. GEORGE**
Clerk of the Court

BY: _____   1/14/2020
**LORI BOYNES TYSON**
Chief Deputy Clerk  ___/___/___

**ORDERED** that Defendant file the aforesaid responses and supplements **within thirty (30) days** of entry of this Order; and it is further

**ORDERED** that copies of this Order and the Memorandum Opinion shall be directed to counsel of record.

DATED: January 14, 2020

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
**ESTRELLA H. GEORGE**
Clerk of the Court

BY: _____ 1/14/2020
**LORI BOYNES TYSON**
Chief Deputy Clerk ___/___/____