

**FILED**

January 15, 2021
ST-2020-CR-00289
**TAMARA CHARLES
CLERK OF THE COURT**



IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. ST-2020-CR-00289 |
| | ) | |
| vs. | ) | CHARGE: 14 V.I.C. § 1022(a)(3) |
| | ) | |
| **ELMO D. ROEBUCK, JR.**, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Cite as: **2020 VI Super 5U**

**MEMORANDUM DECISION**

**CARR, H.,** *Magistrate Judge*

¶1 **THIS MATTER** is before the undersigned Magistrate on a Motion to Dismiss Criminal Complaint filed by Clive C. Rivers, Esq., counsel for Defendant Elmo D. Roebuck, Jr., on December 7, 2020, under V.I. R. Crim. P. 12(b)(3). That criminal complaint charges Defendant with one count of violating 14 V.I.C. § 1022(a)(3): "[Defendant] recorded an indecent video of M.A. [the victim] without her knowledge, and knowingly distributed it on the social media app, 'Whats App,' in violation of V.I. CODE ANN. tit. 14 § 1022(a)(3). **[OBSCENE AND INDECENT CONDUCT]**". The People, through Assistant Attorney General Natasha L. Baker, Esq., filed an Opposition to Motion to Dismiss on December 10, 2020. Defendant filed a Reply to that Opposition on December 22, 2020.

¶2 Defendant, along with his legal counsel, appeared remotely for arraignment via the online videoconferencing platform Zoom on October 23, 2020, at which time his legal counsel entered a plea of not guilty on Defendant's behalf to the charge. At a remote pretrial conference held on December 1, 2020, Defendant appeared with his legal counsel, who indicated that he would be filing a motion to dismiss the criminal complaint on grounds that the statute under which Defendant was charged was too vague in violation of the United States Constitution.

¶3 In his motion to dismiss and reply, Defendant argues that § 1022(a)(3) is "void-for-vagueness" in violation of the Due Process Clause of the United States Constitution. In other words, the statute fails to provide fair notice of the type of conduct or behavior that the legislature intended to prohibit or criminalize. In particular, Defendant argues that the alleged conduct in which he engaged is neither obscene nor indecent under the statute's definition of obscene. Defendant further argues that the statute's definition of what is obscene is obsolete and conflicts with United States Supreme Court's precedents in defining that same term.

¶4     The People's Opposition states that "the facts surrounding this charge allege that the Defendant recorded his ex-girlfriend masturbating and distributed the recording to various individuals." p. 1.   The People maintain that there is a legally acceptable definition of obscenity contained in subsection (a) of § 1021 of Title 14 of the Virgin Islands Code.   The People further state the alleged facts constituting the prohibited conduct that the legislature sought to punish:

> The Defendant hid in a closet, recorded the victim masturbating on a bed, retained the video even after the victim asked him to delete it, and ultimately forwarded the video to several persons all because things did not go his way in the relationship. The defendant could not get his way privately so sought to embarrass and intimidate the victim publicly.   The facts of this case is exactly the type the statute makes illegal.   The Defendant here and any average person understand exactly what could have been or was done to violate the statute.

p. 4.

¶5     In the Opposition, the People further contend that Defendant lacks any standing to challenge the constitutionality of the statute on grounds of vagueness because vagueness challenges cannot be raised by a defendant whose own conduct arguably falls within the statute's prohibition.   Their contention is that the statute is clear and unambiguous on its face regarding the type of conduct or behavior that the legislature intended to criminalize.   They further contend that Defendant knew that the masturbation video was obscene because he obtained it in stealth and promised the victim that he would delete it but instead forwarded the video to certain persons whom they both knew using a social media platform, immediately after he discovered that the victim had posted on her Facebook page that she was in a relationship.   While Defendant in his original Motion to Dismiss never mentioned that the charged statute had a statutory definition of obscenity under subsection (a) of § 1021 of Title 14 of the Virgin Islands Code, he argues, in his reply, that the statutory definition "contains an outdated and unconstitutional formulation of obscene" under the United States Supreme Court's decisions.

¶6     For the reasons which follow hereafter, while the Court is reluctant to declare that § 1022(a)(3) is unconstitutional on its face, it does find that it is unconstitutional as applied to Defendant in violation of the Due Process Clause of the United States Constitution, made applicable to the Virgin Islands.   Therefore, the Court grants Defendant's Motion to dismiss the criminal complaint against him.

## I.      Rule 12(b)(3) of the Virgin Islands Rules of Criminal Procedure.

¶7     Defendant's counsel brings this constitutional challenge to the statute under Rule 12(b)(3) of the Virgin Islands Rules of Criminal Procedure.   Although Defendant spent no time explaining why the Court should hear his pretrial motion to dismiss the criminal complaint under Rule 12(b)(3), the particular subsection of Rule 12(b)(3) under which Defendant states the Court should consider his motion is Rule 12(b)(3)(B)(iii) – "lack of specificity."   Perhaps this ties into Defendant's vagueness challenges to § 1022(a)(3).   However, the Court believes that another subsection could apply under Rule 12(b)(3): (B)(v) – "failure to state an offense."   The Advisory

on Committee Rule comment on subpart (b) states: "Subpart (b) identifies a range of pretrial motions that may raise any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(b) provides for a range of a dozen motions that must be raised before trial so long as the ruling on these motions by the court does not infringe upon the province of the trier of fact in deciding the matter on the merits. The list of motions is not intended to be exhaustive or exclusive. 1A Fed. Prac. & Proc. Crim. § 192, Pleadings and Motions in General (5th Ed. Wright & Miller). The trier of fact in this case is the Magistrate Court, without a jury, since the punishment is not more than a fine of $100 or imprisonment not more than 90 days or both. The punishment under the § 1022(a)(3) makes this a petty misdemeanor, for which Defendant is not entitled to a trial by jury. *See Murrell v. People of the Virgin Islands*, 54 V.I. 338, 351-356 (2010).

## II.      Defendant has standing to raise vagueness challenges to § 1022(a)(3).

¶8      Facial challenges to a statute, like this one presented by Defendant with respect to § 1022(a)(3), are ripe for adjudication before trial. In *Balboni v. Ranger Am. of the V.I., Inc.,* 70 V.I. 1048, 1054 fn. 2. (2019), the V.I. Supreme Court agreed with the Superior Court's determination that "Balboni's constitutional challenge ... was ripe for adjudication before trial because Balboni brought a facial challenge for which factual findings were not required, and failing to address the constitutionality of [a statute] prior to trial 'would potentially cause hardship on the parties' ...."

¶9      Defendant's challenge is based upon his Due Process Rights under the Fifth and Fourteenth Amendments and his unargued free speech provision of the First Amendment to the Unites States Constitution, made applicable to the Virgin Islands by virtue of the last paragraph of the Virgin Islands Bill of Rights. *See* 48 U.S.C. § 1561: "The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; article VI, clause 3; the first to ninth amendments inclusive; the thirteenth amendment; the second sentence of section 1 of the fourteenth amendment; and the fifteenth and nineteenth amendments." *Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1055, fn. 3 (2019).

¶10      Section 1022 of Title 14 of the Virgin Islands Code, entitled "Obscene and indecent conduct", states in subsection (a)(3) under which Defendant is charged:

> Whoever—
>
> (3) writes, composes, stereotypes, prints, publishes, sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper or books; or designs, copies, draws, engraves, paints, or otherwise prepares any obscene or indecent picture or print; or molds, cuts, casts, or likewise makes any obscene or indecent figure;
>
> ...
>
> shall be fined not more than $100 or imprisoned not more than 90 days, or both.

¶11     The Court's assessment of the parties' positions is that the People of the V.I. and Defendant both agree on this basic proposition of law:  a statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice of the conduct or behavior that is proscribed and encourages arbitrary arrests and prosecutions. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) citing *United States v. Harriss,* 347 U.S. 612, 617 (1954) and *Thornhill v. Alabama*, 310 U.S. 88, 97-98 (1940).   It has been a bedrock and long-standing principle of constitutional and due process law that one cannot be prosecuted and convicted under a statute whose prohibitions are so unreasonably vague that the actor cannot know what conduct or behavior the state intended to prohibit.  While Defendant argues that § 1022(a)(3) is vague because obscene and indecent are not defined,  the People argue that Defendant need only refer to § 1021, the definition section, under which obscene is defined as follows:

> (a) 'Obscene' means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters and is matter which is utterly without redeeming social importance.

¶12     However, the People urge that Defendant lacks standing to challenge the statute's alleged vagueness: "a criminal defendant's vagueness challenge 'can only be raised by a defendant whose own conduct arguably did not fall within the terms of the statute.'" *Meyers v. Gov't of the Virgin Islands,* 63 V.I. 865, 871 (3d Cir. 2010).  The People argue that Defendant's conduct squarely falls within the statute's proscriptions. People's Opposition, p. 4.

¶13     Yet the People misconstrue *Meyers* as limiting a defendant's ability to challenge a statute on grounds of vagueness only if his own conduct does not arguably fall with the ambit of the statutory prohibitions.  A correct interpretation of *Meyers* is that a defendant cannot raise the rights of others that the statute might affect unless First Amendment rights are involved.  Therefore, a defendant can also challenge a statute on grounds of overbreadth when the statute chills the exercise of free speech rights or conduct protected by the First Amendment.   *Id. at 871.*  The Court has indicated that this case involves not only Due Process rights but also rights protected under the First Amendment.

¶14     For example, in the V.I. Supreme Court case of *LeBlanc v. People of the Virgin Islands,* 56 V.I. 536 (2012), the Court found the child abuse statute at 14 V.I.C. § 505 unconstitutionally vague as applied to Defendant's conduct and vacated his conviction under § 505.  The alleged child abuse or conduct was Defendant's touching of the minor's genitals through her clothing; the Court found that § 505 did not put a person of reasonable intelligence on notice that the statute proscribed that type of conduct.   However, on the issue of standing to challenge a statute on grounds of vagueness, the Court found that Defendant had standing to mount such a challenge: "' It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.'" *Id* at 541 (citing *United States v. Mazurie*, 419 U.S. 544, 550 (1975)).  "'If [LeBlanc]'s conduct fell within the bounds of

what was clearly proscribed by the statute, [he] did not have standing to challenge the vagueness of the statute, whether or not it may turn out to be vague as applied in other situations."' *Id.* (citing *Government of the V.I. v. John,* 159 F. Supp. 2d 201, 205 (D.V.I. App. Div. 1999)). *See also Gonsalves v. People of the Virgin Islands,* 70 V.I. 812, 843, fn. 19 (2019) and *Codrington v. People of the Virgin Islands,* 57 V.I. 176, 188 (2012).

### III.    § 1022(a)(3) does not cover the alleged activity in which Defendant engaged.

¶15    Section 1022(a)(3), which the People have charged Defendant with violating, does not, by its statutory language, cover the conduct alleged and therefore does not put a person of reasonable intelligence on notice of what the statute proscribes. "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." 1 V.I.C. § 42. There are no technical words or phrases that should be "construed and understood according to their peculiar and appropriate meaning. *Id. Defoe v. Phillip,* 56 V.I. 109 (2012).

¶16    Interpreting § 1022(a)(3)'s first clause, none of the verbs encompass the Defendant's conduct, i.e., posting the recorded video of masturbation through a social media platform. Instead, the verbs circumscribe obscene and indecent "writing, paper or books". The second clause's verbs circumscribe obscene and indecent "picture or print." The third clause's verbs circumscribe obscene or indecent "figure." In sum, § 1022(a)(3) proscribes the dissemination of obscene books, paintings or statues, but not as sent through WhatsApp. When the Legislature intended to cover the commission of certain crimes through the use of computers, it specifically enacted such statutes with broad and sweeping definitions to include cellular devices and the recording of visual images by electronic means. *See e.g.,* §§459-470 and 487-490 of Title 14 of the Virgin Islands Code.

¶17    WhatsApp is simply not one of the means through which the exercise of § 1022(a)(3) would prohibit the dissemination of obscene or indecent matter. In fact, it is a communication platform used in conjunction with a mobile phone device, not covered by § 1022(a)(3). Wikipedia defines WhatsApp as follows:

> WhatsApp Messenger, or simply WhatsApp, is an American freeware, cross-platform messaging and Voice over IP (VoIP) service owned by Facebook, Inc. It allows users to send text messages and voice messages, make voice and video calls, and share images, documents, user locations, and other media. WhatsApp's client application runs on mobile devices but is also accessible from desktop computers, as long as the user's mobile device remains connected to the Internet while they use the desktop app. The service requires users to provide a standard cellular mobile number for registering with the service.

Wikipedia, *WhatsApp,* https://en.wikipedia.org/wiki/WhatsApp (Jan. 15, 2021, 14:00 GMT).

### IV.    Defendant did not engage in any obscene behavior or conduct.

¶18    As stated above, obscene is defined in the definition section of 1021(a) as follows:

(a) 'Obscene' means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters and is matter which is utterly without redeeming social importance.

¶19    In his Reply, Defendant contends that the above-referenced definition of obscene under § 1021(a) is the one set forth in the United States Supreme Court case of *Roth v. United States*, 354 U.S. 476 (1957). § 1021(a) was added August 1, 1969. In *Roth*, the Supreme Court upheld the Defendants' convictions for mailing obscene materials in violation of federal statutes on grounds that the trial court used the proper standard in instructing the jury on the definition of what is considered obscene. That standard is "whether to the average persons, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest." *Id.* at 489. Obscenity, of course, is not protected by the First Amendment. *Id.* at 481. In *Memoirs v. Massachusetts*, 383 U.S. 413 (1966), the Supreme Court, in a plurality decision, reaffirmed that in order for a matter to be obscene, in addition to *Roth*'s explicit test, the prosecution must prove that the matter is "utterly without redeeming social value." *Id. at 419.*

¶20    In *Miller v. California*, 413 U.S. 15, 24 (1973), the Supreme Court announced another test for judging whether certain material is obscene or not:

The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

¶21    Defendants contends that § 1021(a) does not define obscenity in accordance with the most recent U.S. Supreme Court's standard and therefore the People's prosecution under § 1022(a)(3) must fail. This Court agrees, although it could construe § 1021(a)'s definition of obscene under the *Miller* standard to uphold the constitutionality of § 1022(a)(3). However, § 1022(a)(3) would nevertheless remain vague for the reasons given above, i.e., § 1022(a)(3) does not cover Defendant's conduct that the statute might otherwise proscribe.

¶22    Moreover, a video recording of a woman's masturbating is arguably not even obscene under the *Miller* guidelines, except if we were to completely ignore normal human functions. Therefore, this Court completely disagrees with People's counsel's assertion that "if we use everyone involved in this case as a subset of an 'average person', it is evident that all persons involved, maybe with the exception of defense counsel, viewed the material as obscene as defined by the statute." Opposition, p. 3. People's counsel, however, hits the core of the matter with this other further assertion, "the Defendant would not have thought that sending the video to other individuals could be used as a means of embarrassment or intimidation if in fact the video was anything less than obscene and indecent." *Id..* The Court believes that it is Defendant's intent in

sending the video to embarrass or harass the victim - not the obscenity of the matter that was sent - that should form the basis of this offense that § 1022(a)(3) does not criminalize or proscribe.

## V.     The Virgin Islands has no Revenge Porn Statute.

¶23     Ignoring the allegation of the criminal complaint that Defendant "recorded an indecent video of M.A, without her knowledge", which is the victim's masturbating herself, which this Court does not believe is either obscene or indecent under *Miller*, the gravamen of the criminal complaint is:  one, he did so without her knowledge, and two, he "knowingly distributed it on the social media app, 'Whats App'".  *See* paragraphs 4(e) and (f) of Detective Angela Herbert's Affidavit in support of her application for an arrest warrant for Defendant.  § 1022(a)(3) does not make Defendant's conduct of recording, secretly, a private matter involving the victim, without her consent or knowledge, criminal.  Nor does any other V.I. statute of which the Court is aware.

¶24     The nucleus of the criminal complaint, however, viewed together with Detective Herbert's arrest warrant's affidavit, is that Defendant texted the video of this private matter involving the victim and her own body, without her consent, to other WhatsApp's group members known to both Defendant and the victim, the day after the victim had updated her Facebook page "as being in a relationship."  Paragraph 4(p) of Detective Herbert's affidavit states that "[the victim] observed an angry emoji under several of her photographs. [The victim] further stated that she clicked on the photographs and observed that an angry emoji came from [Defendant]."  The arrest warrant's affidavit states that Defendant and the victim were in a prior intimate relationship and that Defendant and his son resided with the victim at her residence after the 2017 hurricanes destroyed Defendant's residence.  In sum, the Court believes that the crux of this matter concerns Defendant's publishing to their friends a recording of a private matter involving the victim and her body, after he learned that she was involved in a relationship, without her consent, and with the intent to embarrass, humiliate or punish her for being in another relationship. Obscenity has little or nothing to do with this matter, except insofar as the video shows the victim pleasuring herself sexually.

¶25     This is what is characterized as revenge porn, now subject to criminal statutes in 46 states, the District of Columbia and one territory, Guam.  Cyber Civil Rights Initiative, *46 States + DC + One Territory Now Have Revenge Porn Laws*, https://www.cybercivilrights.org/revenge-porn-laws/ (Jan. 15, 2021, 14:30 GMT).  The Court is not aware of any such criminal statute in this jurisdiction that covers the gravamen of this criminal complaint against Defendant and the victim's rightful desire to seek prosecution and punishment for the wrong done to her by Defendant, i.e., the nonconsensual publication of a private matter concerning herself.

¶26     The Cyber Civil Rights Initiative, created "to combat online abuses that threaten civil rights and civil liberties", defines revenge porn as follows:

> The term 'revenge porn,' though frequently used, is somewhat misleading. Many perpetrators are not motivated by revenge or by any personal feelings toward the victim. A more accurate term is nonconsensual pornography (NCP), defined as the distribution of sexually graphic images of individuals without their consent.

Cyber Civil Rights Initiative, *Mission and Vision*, https://www.cybercivilrights.org/welcome/about/ (Jan. 15, 2021, 14:35 GMT).

¶27 Recent law review articles focus on the non-consensual nature of the disclosure of private sexual matters that the revenge porn statutes were enacted to stop by criminalizing such disclosures, as the greatest damage of such actions lies in the emotional harm such disclosures can inflict upon the victims. *See* Mary Anne Franks, *"Revenge Porn" Reform, a View from the Front Lines*, 69 Fla. L. 1251, 1258 (September 2017) ("[The perpetrators'] only constant is that they act without the consent of the persons depicted").

¶28 The Supreme Court of Vermont has already ruled that its revenge porn statute is constitutional and that the subject matter of the non-consensual disclosure does not need to satisfy *Miller*'s three-prong standard of obscenity before that disclosure can violate the statute. *State v. VanBuren*, 214 A.3d 791, 800-801 (Vt. 2018). The Vermont Supreme Court described its state statute as follows:

> Vermont's law, enacted in 2015, makes it a crime punishable by not more than two years' imprisonment and a fine of $2,000 or both to "knowingly disclose[ ] a visual image of an identifiable person who is nude or who is engaged in sexual conduct, without his or her consent, with the intent to harm, harass, intimidate, threaten, or coerce the person depicted, and the disclosure would cause a reasonable person to suffer harm." 13 V.S.A.§2606(b)(1).

*Id.* at 214 A.3d 791, 795-796.

### VI.    Conclusion

¶29 The gravamen of this criminal complaint is not the Defendant's video recording of a private matter between the victim and herself that was disseminated to others, but instead the non-consensual disclosure of this private matter to others with the intent to embarrass, humiliate or to punisher her for being involved in a relationship not involving himself. Such a violation of another's privacy, exercised with such intent, may well shock the conscience, but it is not covered by § 1022(a)(3), under which the People of the Virgin Islands are attempting to punish Defendant's alleged actions. A plain language construction of § 1022(a)(3) does not cover the disclosure of a video of the victim's pleasuring herself to others through WhatsApp. Therefore, a reasonably intelligent person would not have fair notice of the type of behavior or conduct that the legislature intended to criminalize. Additionally, the video of the victim's masturbation is not obscene, should the Court construe the definition of obscene under the three-prong *Miller* standard and should the People maintain its prosecution of Defendant for publishing the video as obscene matter covered by § 1022(a)(3).

¶30 Finally, the crux of the criminal complaint is that Defendant published the video of masturbation by the victim without the victim's consent, after he learned from her updated Facebook page that she was in a relationship. The element that would criminalize the matter is the

non-consensual disclosure of the video recording, which disclosure, under these circumstances, the Court can only construe was done by Defendant with the intent to embarrass, humiliate or punish her for being in a relationship, not involving himself, since their prior intimate relationship had terminated. This jurisdiction has no rule, law or statute criminalizing such conduct or behavior as enacted by 46 states, plus the District of Columbia and Guam, called "revenge porn statutes" to protect innocent victims, like this one, from the emotional and psychological upheaval such disclosure can cause. Nonetheless, it must be said that Defendant's disclosure meets no minimum standards of good moral and ethics or common decency; yet until the V.I. Legislature decides to enact such laws or statutes to proscribe the non-disclosure of private matters involving some degree of sexuality or nudity, this Court cannot by judicial fiat allow this prosecution to proceed under a statute that is totally rudderless under the facts and circumstances of this case. The Court shall therefore grant Defendant's Motion to Dismiss and will dismiss this matter with prejudice as directed in the accompanying Order, entered on January 15, 2021.

DATED: January 15, 2021

_____
**HENRY V. CARR, III**
**Magistrate of the Superior Court**
**of the Virgin Islands**

ATTEST:
**TAMARA CHARLES**
Clerk of the Court
By:_____
**CHARMAINE KEAN-SIMEON**
Court Clerk Supervisor 1 / 15 / 2021